*Bronaugh, for appellants.*
*McKee, for appellee.*

---

BENJAMINE HAMILTON *v.* HIRAM HICKS.

**Exceptions, Bill of—Order Filing Omited—Nunc Pro Tunc Order.**
    The bill of exceptions was signed by the judge at the term during which the judgment was rendered and the motion for a new trial overruled. It was then made part of the record, but the clerk omitted to make an order filing it. Held, That it was proper for the appellant at the next term, upon notice to the adverse party, by motion to have an order Nunc Pro Tunc entered noting the filing.

**Judgment—Replevied—Merger.**
    The execution of a replevin bond is a merger of the judgment and releases all the judgment defendants who fail to sign replevin bond.

APPEAL FROM FLOYD CIRCUIT COURT.

January 21, 1872.

OPINION OF THE COURT BY JUDGE PRYOR:

In this case the bill of evidence was signed by the judge at the term during which the judgment was rendered and the motion for a new trial overruled. It was then made part of the record, but the *clerk* omitted to make an order filing it. It was proper for the appellant at the next term, upon notice to the adverse party, by motion to have an order *nunc pro tunc* enterd noting the filing.

The instructions can not be complained of, as there were no exceptions made to the giving of them by the court. There was no evidence, however, on which to base the judgment against the appellant. No express or implied authority was given the appellee to sign the name of appellant to the replevin bond. The debt paid by appellee was not the debt of the appellant, and the execution of the replevin bond was a merger of the judgment and a release of appellant from liability. Kouns vs. Mann, 14 B. Monroe 304. The replevin bond had never been quashed, and in fact the debt was paid by the appellee upon an execution issued on the replevin bond. The judgment of the court below is reversed, and the cause remanded with directions to set aside the judgment and award to the appellant a new trial and for further proceedings consistent with this opinion.

*J. R. Botts, for appellant.*
*Apperson & Reid, for appellee.*